In re JEANNETTE CORPORATION,
t/a Jeannette Glass, Debtor.

A.Z. HOLDINGS
CORPORATION, Plaintiff,

v.

James E. MOODY, Trustee, Defendant.

Bankruptcy No. 82-3265.
Adv. No. 90-0027.
Motion No. 90-3870M.

United States Bankruptcy Court,
W.D. Pennsylvania.

July 15, 1990.

Robert L. Ferris, New York City, for plaintiff.

David P. Braun, Campbell & Levine, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court is a *Complaint To Require Trustee To Account* filed by A.Z. Holdings Corporation ("A.Z. Holdings"). This Court denied A.Z. Holdings' previous request for an accounting in its Memorandum Opinion and Order of Court dated May 21, 1990.

A.Z. Holdings alleges that James E. Moody, Trustee ("Trustee") has received funds that belong to A.Z. Holdings, of which A.Z. Holdings is unaware. Therefore, A.Z. Holdings again requests an accounting.

Trustee asserts that A.Z. Holdings' request for an accounting is barred by *res judicata* because the request was previously denied in the aforementioned Opinion and Order of May 21, 1990. The Trustee asks that the Court dismiss A.Z. Holdings' Complaint requesting an accounting.

For the reasons set forth below, A.Z. Holdings' Complaint will be dismissed with prejudice.

## FACTS

James E. Moody was appointed Trustee in bankruptcy on July 27, 1983. The Order of Court appointing him expressly directed the Trustee, within definite time constraints, to conduct a public sale of all of the Jeannette Glass Division's assets, including but not limited to: real estate, leasehold interests, machinery, equipment, inventory, molds, dies, deposits, prepaid expenses, accounts receivable, notes receivable due Jeannette Corporation and/or non-operating subsidiaries, books, records, customer lists, trademarks and trade names.

On September 29, 1983, the Trustee entered into an Asset Purchase Agreement with Consolidated International, Inc. pursuant to authority granted by Order of Court confirming public sale of Debtor's property. Said Agreement generally followed the direction outlined by the Court. Deposits and prepaid expenses were not set forth therein; the term "miscellaneous" was included.

On November 3, 1983, the Trustee executed a Bill of Sale to Consolidated International, Inc., which in turn assigned all of its right, title, and interest to A.Z. Holdings to specified items of property. Again, the listing followed generally the September 27, 1983 Order of Court; however, the Bill of Sale included at subparagraph (e) all other property of the Seller whether tangible or intangible as located on or used in connection with the operation of the business of Debtor.

In December of 1989, the Peoples Natural Gas Company caused a notice of refund to be published in a newspaper of general circulation. The notice stated that "certain companies are entitled to refunds for gas service received between January, 1980 and January, 1982". Debtor was included among the companies listed.

The refund was the result of a plan submitted by the Peoples Natural Gas Company pursuant to a settlement agreement between the Pennsylvania Office of Consumer Advocate and The Processed Gas Consumer Group, as modified by a Pennsylvania Public Utilities Commission Order dated June 1, 1989.

The amount of the refund, which was deposited with the Clerk of Court for U.S. Bankruptcy Court in a Registry account, was $79,522.48.

On May 21, 1990, following a hearing on both parties' motions for summary judgment, this Court ordered the Clerk of Court to deliver the refund, plus interest, to A.Z. Holdings and denied A.Z. Holdings' request for an accounting. No appeal was taken from said Order.

Originally a Chapter 11 case, this case has been recently converted to a Chapter 7 proceeding.

A.Z. Holdings filed the pending Complaint on May 21, 1990 and requested that the Court order Trustee to prepare an accounting. A hearing before this Court on said Complaint was held on June 28, 1990.

## ANALYSIS

### Res Judicata

■ The first issue before the Court is whether A.Z. Holdings' pending complaint is barred by *res judicata* as a result of the May 21, 1990 Order of Court denying A.Z. Holdings' request for an accounting. The Trustee bears the burden of demonstrating to the Court that *res judicata* applies to A.Z. Holdings' complaint. *Davis v. United States Steel Supply*, 688 F.2d 166, 170 (3rd Cir.1982) (en banc), cert. denied, 460 U.S. 1014, 103 S.Ct. 1256, 75 L.Ed.2d 484 (1983).

In order for *res judicata* to apply, thereby precluding A.Z. Holdings' claim, the Trustee must show that there has been "a judgment on the merits in a prior suit ... involving the same parties or their privies and based on the same cause of action". *Parklane Hosiery Company v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552, 559 n. 5 (1979). *See also, United States v. Athlone Indus.*, 746 F.2d 977, 983 (3rd Cir.1984).

This Court's Memorandum and Order of May 21, 1990 awarding A.Z. Holdings the refund plus interest and further ordering that A.Z. Holdings' prayer for relief requesting an accounting be denied is a final judgment ("Suit 1"). In addition, the two

parties involved in the action now before this Court (A.Z. Holdings and James E. Moody, Trustee) are the same parties that were involved in Suit 1. Thus, *res judicata* will preclude A.Z. Holdings' current claim ("Suit 2") if Suit 1 and Suit 2 are based on the same cause of action.

Generally, the most difficult task confronting a court is the determination of whether two claims are based on the same cause of action. The U.S. Court of Appeals for the Third Circuit has addressed this issue and has provided this Court with helpful guidance. *See, e.g., Athlone Indus.*, 746 F.2d at 977; *Davis*, 688 F.2d at 166, cert. denied, 460 U.S. at 1014, 103 S.Ct. 1256, 75 L.Ed.2d at 484. The Third Circuit has stated that " '[c]ause of action' cannot be precisely defined, nor can a simple test be cited for use in determining what constitutes a cause of action for *res judicata* purposes." *Donegal Steel Foundry Co. v. Accurate Products Co.*, 516 F.2d 583, 588 n. 10 (3rd Cir.1975). In addition, "[r]ather than resting on the specific legal theory involved, *res judicata* generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims, although a clear definition of that requisite similarity has proven elusive." *Davis*, 688 F.2d at 171, cert. denied, 460 U.S. at 1014, 103 S.Ct. at 1256, 75 L.Ed.2d at 484. This Court is of the opinion that Suit 2 is barred by *res judicata* because there was a prior final judgment on the merits, the same parties were involved, and the claims were based on the same cause of action.

In Suit 1, A.Z. Holdings "pray[ed] for an entry of an Order entering summary judgment in its favor in the amount of [the refund] plus interest as well as the requirement of the Trustee to account." *Motion by Defendant To Enter Summary Judgment for PNGC Deposit and To Require the Trustee To Account,* ¶ 9.

This Court expressly ruled on A.Z. Holdings' request for relief as noted above. That Suit 1 and Suit 2 are based on the same cause of action can be derived from, *inter alia,* documents filed with the Court by A.Z. Holdings itself.

In Suit 1, A.Z. Holdings requested an accounting because, A.Z. Holdings claimed, it was only as a result of publication notice that A.Z. Holdings became aware of the refund. In addition, A.Z. Holdings claimed to have "reason to believe that the Trustee has received other refunds and income over the years that rightfully belong to [A.Z. Holdings]." *Brief In Support of Defendant's Motion For Summary Judgment,* p. 13. As noted, this Court denied A.Z. Holdings' request for an accounting by Memorandum Opinion and Order.

In Suit 2, A.Z. Holdings requested an accounting because "[i]t was only as a result of a newspaper advertisement ... that [A.Z. Holdings] became aware of the [refund]". *Complaint To Require Trustee To Account,* ¶ 4. As a result, A.Z. Holdings "believes and therefore alleges that ... the estate has received other funds ... that rightfully belong to [A.Z. Holdings]". *Id.* at ¶ 5.

This Court finds it near impossible to uncover different causes of action on which Suit 1 and Suit 2 are based. To the contrary, the causes of action are based on similar, if not identical, underlying events. The Court would be completely ignoring the doctrine of *res judicata* were it to find otherwise and allow this case to proceed.

### *Equity*

A.Z. Holdings' request is for equitable relief in the form of an accounting. *See, e.g. Katchen v. Landry,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). In addition to its *res judicata* analysis, this Court is not inclined to grant A.Z. Holdings' request based on equitable principles. If this request was granted, then the estate would be unnecessarily burdened and its assets unnecessarily diminished. In addition, Trustee's efforts in producing an accounting would be duplicative. Debtor has filed financial statements with the Court. Trustee has filed reports with the Court and will be filing another report due to Debtor's conversion from Chapter 11 to Chapter 7. If A.Z. Holdings examines these documents of public record, then their questions should be answered.

If A.Z. Holdings determines that it has a valid cause of action, they may choose to institute an action against Trustee and answer their questions through the discovery process. A.Z. Holdings should not, however, seek an accounting by Trustee as a substitute for discovery. *See, e.g. First Commodity Traders v. Heinold Commodities*, 766 F.2d 1007, 1010–11 (7th Cir.1985); *Litton Systems, Inc. v. Frigitemp Corp.*, 613 F.Supp. 1386, 1390 (S.D.Miss.1985). This Court will not permit A.Z. Holdings to circumvent discovery and it will not require Trustee to produce information that should rightfully be discovered through the efforts of A.Z. Holdings.

## CONCLUSION

For the reasons stated herein, this Court finds that A.Z. Holdings' complaint to require the Trustee to account is barred by both *res judicata* and equitable principles. Accordingly, the complaint will be dismissed.

An appropriate Order will be issued.